IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTINE SULTUSKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-18-669-C |
| | ) | |
| JPMORGAN CHASE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Amend Complaint, along with Defendant's Response and Plaintiff's Reply thereto. (See Dkt. Nos. 44, 49, 50.) The Motion is now at issue.

I. Introduction

Plaintiff originally filed this case against Defendant in July 2018. By October 2018, the Court had entered a Scheduling Order establishing pretrial deadlines. (See Dkt. No. 11.) The parties thereafter engaged in discovery, culminating in Defendant's summary judgment motion, which the Court recently addressed. (See Dkt. No. 46.) Given the parties' latest request for an extension—which the Court granted—this case is now on the December trial docket.

Plaintiff now moves to amend or correct her complaint. She believes that she has already established—both through the factual grounds within her complaint and through the evidence she has collected through discovery—sufficient factual grounds for a claim under the Family Medical Leave Act of 1993 ("FMLA"). (Dkt. No. 44, p. 3.) In her view,

the only change here would be to add an FMLA claim as a new legal theory. Defendant responds, though, by pointing out that this case is very close to trial and Plaintiff has not presented good cause to amend at this stage of the litigation.

II.     Standard

Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But here, where the movant is seeking leave to amend after a scheduling order deadline, the movant must establish good cause to amend. See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230 (10th Cir. 2014). To meet this standard, a movant generally must show that the "scheduling deadlines cannot be met despite a party's diligent efforts." Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001).

Examples of good cause are present when a party, for example, learns of new information through discovery, or when a change in the law occurs after the scheduling deadline. Id. at 668. When determining whether to allow the amendment, courts should consider whether any of the following are present: undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. See Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). Ultimately, though, whether to grant leave to amend is within the trial court's discretion. Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991).

III.   Analysis

The Court finds that Plaintiff has failed to establish good cause to amend her complaint. Plaintiff learned about the possibility of bringing an FMLA claim during the discovery process, which closed August 15, 2019. According to her, she brought this to Defendant's attention as early as July 2019. (Dkt. No. 44, p. 3.) So even though it is unclear precisely when she learned about the viability of any FMLA claim, at the very least, she waited over two months before moving to amend her complaint.

Notably, in her motion, she does not argue that she moved with due diligence to bring this to the Court's attention. Instead, she largely focuses on including this claim in the final pretrial report. (Dkt. No. 44, pp. 4-9.) But Plaintiff conflates inclusion in the pretrial report[1] with the standard for a movant on a motion to amend—particularly after the scheduling order deadlines have passed. Here, Plaintiff's amendment deadline passed in October 2018. (See Dkt. No. 11.) As mentioned, moreover, discovery closed in August 2019. Put simply, Plaintiff has presented no compelling reason (1) why this motion could not have been made months ago, and (2) why it is so compelling to include this claim so soon before trial. And even though Plaintiff would not oppose further discovery on this

---

[1] Indeed, rather than addressing the proper standard for a motion to amend, Plaintiff urges the Court to include the FMLA claim as a separate "theory for recovery." (Dkt. No. 44, p. 2.) She does so because, in her view, she has established all the necessary factual foundations of the claim—she just hasn't identified it as a theory of recovery in her complaint. Id. at 2-4. The Court finds, however, that Plaintiff's proposed amendment would be more than just an additional theory of recovery—it would be an additional claim that would likely merit further briefing and discovery.

claim should Defendant ask for it,[2] the Court finds that such a delay at this point would be unjustified. In short, Plaintiff has failed to present good cause to amend her complaint. Her motion will therefore be denied.

IV. Conclusion

For these reasons, Plaintiff's Motion to Amend Complaint (Dkt. No. 44) is DENIED.

IT IS SO ORDERED this 30th day of October, 2019.

ROBIN J. CAUTHRON
United States District Judge

---

[2] Defendant would ask for it. (See Dkt. No. 49, p. 2.)